IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PETER PEDERSEN, ) | Civil Action No.  6:22-cv-00588 |
| ) | |
| Plaintiff, ) | Judge Alan D. Albright |
| ) | |
| v. ) | |
| ) | |
| INTUIT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT INTUIT INC.'S MOTION TO DISMISS UNDER RULE 12(B)(6) AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Intuit Inc. ("Intuit"), by and through its undersigned attorneys, hereby respectfully moves to dismiss the Complaint filed by Plaintiff Peter Pedersen ("Plaintiff").

Plaintiff has asserted infringement of a single claim of United States Patent No. 6,965,920 ("the '920 patent"). However, Plaintiff's boilerplate Complaint fails to substantively allege that the accused Intuit "email marketing platform" includes every limitation of the single asserted claim. Therefore, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

Plaintiff is a citizen of Denmark and claims to be the exclusive owner of the '920 patent entitled "Profile Responsive Electronic Message Management System."  (Dkt. 1, ¶¶ 12, 14). Plaintiff alleges that Intuit "has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '920 Patent, by making, using, testing, selling, offering

1

for sale and/or importing into the United States" Intuit's "Mailchimp email marketing platform."

(Dkt. 1, ¶¶ 15, 17). No other acts of infringement are alleged and no other products are identified.

> Claim 1 of the '920 patent, the only asserted claim, reads as follows:
>
> An electronic message management system comprising:
> *an electronic computer system* in operative communication with a global digital communications network, *and an electronic message management database in operative communication with the computer system*; the electronic computer system having
> a recipient profile application for receiving recipient profile data from recipients via the global network and storing the recipient data in the database, the profile data including delivery parameters specified by a recipient of where, when and how specific types of messages from specific messengers are delivered to the recipient,
> a messenger profile application for receiving messenger profile data from messengers via the global network and storing the messenger data in the database, including messenger identifying data,
> a message input application for receiving message files from a messenger via the global network and storing the message files in the database, and
> an individual message generator in communication with the database and operative to access and utilize data and files from the database to generate an individual message to be sent to the recipient specified by the messenger via the global communications network according to the delivery parameters, and a message management server operating system; and
> *the message management database including recipient and messenger profile databases for storing recipient and messenger profile data respectively, and a message database for storing message data files*.

('920 patent (Dkt. 1-1) at col. 11, lines 19-50 (emphasis added).)

By its express language, claim 1 requires "an electronic computer system" as well as "an electronic message management database in operative communication with the computer system." In addition, the "message management database" must include three discrete databases: (1) a recipient profile database for storing recipient profile data, (2) a messenger profile database for storing messenger profile data, and (3) a message database for storing message data files.

2

**ARGUMENT AND CITATION OF AUTHORITY**

**I.      Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007)). Under this standard, the Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Guilbeau v. Schlumberger Tech. Corp*., No. SA-21-CV-0142-JKP-ESC, 2022 U.S. Dist. LEXIS 11092, at *6 (W.D. Tex. Jan. 21, 2022) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

To state a valid claim of patent infringement, a plaintiff must allege that the defendant has infringed all limitations of the claim. *See Estech Sys. v. Regions Fin. Corp*., No. 6:20-cv-00322-ADA, 2020 U.S. Dist. LEXIS 200484, at *6 (W.D. Tex. Oct. 28, 2020) ("the pleading standards established by Twombly and Iqbal require a plausible inference that an accused device meets all of the limitations of the asserted claims."). "[T]he failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Pleading patent infringement "cannot be inferred from bare conclusory allegations." *See Estech Sys.,* 2020 U.S. Dist. LEXIS 200484, at *6-7.

Here, Plaintiff's Complaint is a bare-bones, boilerplate pleading lacking the minimum details sufficient to state a claim upon which relief may be granted.  Plaintiff's claim chart provides

3

the only non-boilerplate allegations of the entire pleadings. But the claim chart still fails to sufficiently plead that each and every limitation of "at least claim 1" of the '920 Patent is infringed by the accused Mailchimp platform. For this reason, the Complaint must be dismissed.

II.     **Because Plaintiff Does Not Allege that the Mailchimp Platform Comprises Each Recited Database Required by Claim 1, Plaintiff's Complaint Fails to State a Claim.**

The last element of claim 1 requires "an [electronic] message management database" that, in turn, includes three separate databases: "recipient and messenger profile databases" and "a message database." ('920 Patent, claim 1.) Claim 1 also requires that particular data be stored in each of these three separate databases: storing the recipient profile data in the recipient profile database, storing the messenger profile data (including messenger identifying data) in the messenger profile database, and storing the message data files in the message database. (*Id.*)

Neither the Complaint nor the claim chart attached to the Complaint alleges that the Mailchimp platform includes these discrete databases at all, let alone that the required data are stored in each. Instead, Plaintiff alleges, "[o]n information and belief," that Intuit's "web servers perform services associated with Mailchimp such as storing information in databases." (Dkt. 1-1 at p. 19 of 31.) And as to the claim element that specifically calls out the three separate databases and the information required to be stored in each, Plaintiff only pleads that Intuit's web servers "store information associated with" the accused Mailchimp application and the messages relating thereto:

4

| [1g] | the message management database including recipient and messenger profile databases for storing recipient and messenger profile data respectively, and a message database for storing message data files. | Intuit operates web servers that are configured to store information associated with their Mailchimp application and the messages that are created and/or uploaded by messengers. *See* https://status.mailchimp.com/<br><br>In addition, *see* https://mailchimp.com/about/security/#Data_Center_Security |
|---|---|---|

(*Id.* at p. 30 of 31.)[1]

Claim 1 of the '920 Patent requires more than just "storing information in databases." Plaintiff's general reference to web servers that, on information and belief, perform services such as storing information in databases fails to plausibly indicate that each of the recipient profile database, messenger profile database, and message database are present in the accused instrumentality, and that they respectively store recipient profile data, messenger profile data, and message data files as required by claim 1.  Thus, Plaintiff has failed to allege facts that allow the Court to draw a reasonable inference that Intuit has infringed every limitation of claim 1, the only asserted claim. For this reason, the Complaint should be dismissed.

**III.   Because Plaintiff's Infringement Allegations Improperly Rely on a Single Structure for Multiple Claim Limitations, Plaintiff's Complaint Fails to State a Claim.**

Claim 1 of the '920 Patent recites, *inter alia*, an electronic message management system comprising both "***an electronic computer system*** in operative communication with a global digital communications network, ***and an electronic message management database*** in operative communication with the computer system."  But Plaintiff points to Intuit's "web servers" for both of these separately claimed structures.  *See* Dkt. 1-1, pp. 19 ("Intuit has web servers located

---

[1] Plaintiff includes additional website links to support its allegations, but these fail to cure the Plaintiff's pleading deficiencies.  The first website link https://status.mailchimp.com/ merely illustrates the connectivity status of various data centers, while the second website link https://mailchimp.com/about/security/ merely illustrates Mailchimp's data security and privacy practices and the existence of databases generally.

throughout the United States and which are in operative communication with the internet … On information and belief, these web servers perform services associated with Mailchimp such as storing information in databases."), 20 ("The data associated with the users of Mailchimp are stored in Intuit's web servers."), and 26 ("the information associated with these messages are stored in Mailchimp's web servers.").

"There can be no literal infringement where a claim requires two separate structures and one such structure is missing from an accused device." *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1255 (Fed. Cir. 2010). *See also Gaus v. Conair Corp*, 363 F.3d 1284, 1288-90 (holding that where a claim recited "an electrical operating unit and a pair of spaced-apart electrically exposed conductive probe networks," the accused device must include "an electrical operating unit" separate from the pair of probe networks). Here, Plaintiff improperly conflates two separately recited structures (i.e., "electronic computer system" and "electronic message management database") by pointing to a single structure (i.e., web servers) of the accused "email marketing platform." Therefore, Plaintiff has not sufficiently alleged the presence of both structures as required by claim 1. For this additional reason, Plaintiff's Complaint should be dismissed for failure to state a claim.

## CONCLUSION

Based on the facially inadequate Complaint, the Court should dismiss this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: August 15, 2022

Respectfully submitted,

*/s/ Erick S. Robinson*
Erick Robinson
**SPENCER FANE LLP**
9442 North Capital of Texas Highway
Plaza I - Suite 500
Austin, TX 78759
Tel: 512-840-4550
Fax: 512-840-4551

Marla R. Butler (*pro hac vice pending*)
Jonathan M. Nussbaum (*pro hac vice pending*)
**THOMPSON HINE LLP**
3560 Lenox Rd. NE, Suite 1600
Atlanta, Georgia 30326
Tel: 404-407-3607
Fax: 404-541-2905
marla.butler@thompsonhine.com
jonathan.nussbaum@thompsonhine.com

Eric A. Zelepugas (*pro hac vice pending*)
**THOMPSON HINE LLP**
20 North Clark St., Suite 3200
Chicago, Illinois 60602
Tel:  (312) 998-4240
Fax:  (312) 998-4245
eric.zelepugas@thompsonhine.com

*Counsel for Defendant Intuit Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Erick S. Robinson*

Erick Robinson
